IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MC-UA LOCAL 119 HEALTH and WELFARE FUND, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  CIVIL ACTION 11-0241-WS-M ) |
| HLH CONSTRUCTORS, INC., | ) ) |
| Defendant. | ) |

### ORDER

This matter comes before the Court on preliminary review of plaintiffs' Motion for Default Judgment (doc. 9). That review necessitates that plaintiffs supplement their Motion in two important respects.[1]

First, in support of their request for a money judgment in the amount of dues and plan contributions collected by defendant but not remitted to the union or to the relevant plans, plaintiffs offer the affidavits of William Morrison and Robert Clapper. The Morrison Affidavit

---

[1] Even where default judgment is properly entered, it remains incumbent on a plaintiff to prove its damages. "While well-pleaded facts in the complaint are deemed admitted, plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages." *Virgin Records America, Inc. v. Lacey*, 510 F. Supp.2d 588, 593 n.5 (S.D. Ala. 2007); *see also Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 652 F. Supp.2d 599, 605 (E.D. Pa. 2009) ("A party's default does not suggest that the party has admitted the amount of damages that the moving party seeks."). Thus, in the default judgment context, a court is obliged to ensure that there is a legitimate basis for any damages award that is entered. *See, e.g., Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record adequately reflects the basis for award); *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818 (8th Cir. 2001) (affirming lower court's decision not to award damages on default judgment, where requested damages were "speculative and not proven by a fair preponderance of the evidence"); *Natures Way Marine, LLC v. North America Materials, Inc*., 2008 WL 1776946, *1 (S.D. Ala. Apr. 16, 2008) (in default judgment setting, district court has obligation "not to award damages that are uncertain or speculative").

states that "[t]he Union's records indicate that [defendant] deducted, but failed to remit, dues totaling $8,432.22," but does not append the records themselves as exhibits that might prove up those damages. (Doc. 9-3, at ¶ 3.) Similarly, the Clapper Affidavit identifies $45,983.70 in delinquent plan contributions "[a]ccording to the Plans' estimations," but sheds no light whatsoever into how those self-described "estimations" were computed. (Doc. 9-4, at ¶ 3.) On this showing, the Court cannot discern whether the requested damages are speculative or illusory, or whether they are capable of being proven by a fair preponderance of the evidence. The Clapper Affidavit further specifies that plan documents provide that such delinquent amounts are subject to 12% interest and 20% liquidated damages, without identifying or appending the relevant portions of the plan documents that might support such enhancements.

Second, with respect to plaintiffs' demand for recovery of attorney's fees and costs, plaintiffs do not provide either statutory citations or copies of plan documents that might authorize such an award in this case. Further, plaintiffs fail to provide itemized billing records that are necessary to assess the reasonableness of the claimed attorney's fees, but instead merely recite a summary statement of hours expended and hourly rate charged. (Doc. 9-1.) On this showing, the Court cannot evaluate the reasonableness of the fees claimed. *See, e.g., Vision Bank v. Hill*, 2011 WL 250430, *4 n.6 (S.D. Ala. Jan. 25, 2011) (disallowing plaintiff's request for award of attorney's fees and expenses on default judgment, where "without itemization or explanation of what these attorney's fees and costs represent or how they were incurred, the Court cannot satisfy its obligation to ascertain the reasonableness of the charges"); *Willow Lake Residential Ass'n, Inc. v. Juliano*, --- So.3d ----, 2010 WL 3377701, *11 (Ala.Civ.App. Aug. 27, 2010) ("Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation.").

Without supplementation in each of the foregoing areas, the Court is unable to satisfy its "obligation to assure that there is a legitimate basis for any damage award it enters." *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see also PNCEF, LLC v. Hendricks Bldg. Supply LLC*, 740 F. Supp.2d 1287, 1294 (S.D. Ala. 2010) ("Rather than merely *telling* the Court in summary fashion what its damages are, a plaintiff seeking default judgment must *show* the Court what those damages are, how they are calculated, and where they come from, by reference to the … agreement, appropriate back-up documentation, and witness testimony as appropriate.").

-3-

In light of the foregoing, plaintiffs are **ordered**, on or before **October 31, 2011**, to supplement their Motion for Default Judgment with a memorandum and evidentiary submission on damages that address these matters.

DONE and ORDERED this 13th day of October, 2011.

                                                        s/ WILLIAM H. STEELE  
                                                       CHIEF UNITED STATES DISTRICT JUDGE